**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Jose Chavez GARCIA,
Defendant–Appellant.**

**No. 88–3198.**

United States Court of Appeals,
Ninth Circuit.

Submitted May 1, 1989.*

Decided May 23, 1989.

---

Victor H. Lara, Schwab, Kurtz & Hurley, Yakima, Wash., for defendant-appellant.

Robert S. Linnell, Asst. U.S. Atty., Yakima, Wash., for plaintiff-appellee.

Before ALARCON, FERGUSON and THOMPSON, Circuit Judges.

DAVID R. THOMPSON, Circuit Judge:

Jose Chavez Garcia ("Garcia") appeals his conviction, following a jury trial, under 18 U.S.C. § 922(g)(5), which makes it unlawful for "an alien ... illegally or unlawfully in the United States ... to possess ... any firearm."

On July 6, 1987, Garcia purchased a firearm in Wenatchee, Washington. On October 20, 1987, he was indicted under section 922. Garcia, who by his own admission had illegally entered the United States sometime prior to July 6, 1987, did not apply for legal status until October 22, 1987.

Garcia contends that the district court erred in refusing to give Garcia's proposed jury instructions, which read as follows:

1. An alien present in the United States with the knowledge or permission of the Immigration & Naturalization service is residing in the United States under "color of law."

2. An alien present in the United States "under color of law" is residing in the United States legally and lawfully.

These instructions go well beyond the plain language of the statute under which Garcia was convicted. *See* 18 U.S.C. § 922(g)(5). *Cf. Sudomir v. McMahon*, 767 F.2d 1456 (9th Cir.1985) (discussing scope of welfare benefits provision expressly applicable to aliens "permanently residing in the United States under color of law").

At the time Garcia possessed the firearm he had not applied for legal status, and had

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

admittedly entered the country illegally. Under these circumstances, he was "illegally or unlawfully in the United States" for the purposes of this section. The district court committed no error.

AFFIRMED.