2 F.3d 1159
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Dennis Danston RHABURN, Defendant-Appellant.
 No. 92-50693.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 16, 1993.*
Decided Aug. 10, 1993.
 
 1
 Before: WOOD**, REINHARDT, and RYMER, Circuit Judges
 
 
 2
 MEMORANDUM***
 
 
 3
 Dennis Danston Rhaburn appeals his conviction of possession of a firearm by an alien illegally or unlawfully in the United States, 18 U.S.C. Sec. 922(g)(5).[1] He challenges the district court's denial of his motion to dismiss, restriction of argument, and jury instructions. We affirm.
 
 
 4
 Rhaburn concedes that he entered the United States without inspection. Entry without inspection is illegal entry, rendering Rhaburn deportable. See 8 U.S.C. Sec. 1251(a)(1)(B). However, Rhaburn contends that he was no longer "illegally or unlawfully in the United States" once the INS "authorized" his presence by releasing him on his own recognizance pending the outcome of his yet-to-be-scheduled deportation hearing.
 
 
 5
 Release pending hearing has no effect on the legality of an alien's presence in the United States. Rhaburn's presence is as lawful--or unlawful--as it would be if he remained in INS detention pending the outcome of his deportation hearing. See United States v. Garcia, 875 F.2d 257 (9th Cir.1989) (INS knowledge or permission does not render alien's presence lawful); cf. United States v. Bazargan, 992 F.2d 844 (8th Cir.1993) (INS employment authorization does not change status of alien "illegally or unlawfully in the United States").
 
 
 6
 Rhaburn raises no argument that he is eligible for some form of relief from deportation or for adjustment to legal status. He acknowledges illegal entry. "Under these circumstances, he was 'illegally or unlawfully in the United States' for purposes of this section." Garcia, 875 F.2d at 257-58. Therefore, the district court correctly denied Rhaburn's motion to dismiss the firearm possession count. The court also correctly refused to instruct the jury, or to allow Rhaburn to argue to the jury, that release pending deportation hearing renders an alien's presence in the United States lawful.
 
 
 7
 Rhaburn also challenges the district court's jury instruction on the elements of the firearm possession count. We conclude that any error--and we do not suggest that one occurred--was harmless beyond a reasonable doubt. See United States v. Rubio-Villareal, 967 F.2d 294, 296-97 n. 3 (9th Cir.1992) (en banc) (harmless error standard for criminal instructions). First, the substantive distinctions between Rhaburn's proposed instruction and the instruction given are minimal. Second, the government produced strong evidence of each of the elements of section 922(g)(5). With the exception of unlawful presence in the United States, Rhaburn does not contest the proof of these elements. As discussed above, Rhaburn's theory of why he was lawfully present despite his admittedly illegal entry is untenable. Under these circumstances, "there is no reasonable possibility that [any] error materially affected the verdict." Id.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Honorable Harlington Wood, Jr., Senior United States Circuit Judge for the Seventh Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the Courts of this Circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Rhaburn was convicted of several other charges at the same trial. He does not appeal his convictions on these other charges